No. 8,354.—Department One.
Aug. 24, 1882.

T. J. DOUGHERTY v. J. B. HAGGIN ET AL.

ACTION FOR DIVERSION OF WATER—RELIEF—REMISSION OF EXCESS IN VERDICT.—In an action to recover damages for the diversion of water, and for an injunction, the complaint alleged that the plaintiff was entitled to the use of five hundred inches, measured under a four-inch pressure of the waters of the creek in question; and the jury found that the plaintiff was entitled to eight hundred inches under a four-inch pressure, and that
CAL. REPS. LXI—20

he had been damaged in the sum of one thousand dollars by the diversion of the said waters. The plaintiff was permitted by the Court below to remit the excess of three hundred inches, and judgment was entered accordingly.

*Held:* The judgment as entered can not stand. If the nature of the case admitted of the remitting by the plaintiff of a portion of the water awarded him by the jury, he was not entitled to judgment for one thousand dollars damages.

ID.—ID.—ID —SUFFICIENCY OF EVIDENCE.—The evidence was not sufficient to sustain a verdict, or the judgment for five hundred inches of the water in dispute.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Superior Court of the County of Kern. HINES, J.

*Louis T. Haggin,* for Appellants.

The authorities which allow a verdict or judgment to be modified by remitting any excess are all cases of money judgments, either upon a motion for new trial when the ground of the motion is excessive damages, or where there are several and distinct items capable of exact ascertainment, in which case the allowance of one or more items by a jury against the law or the facts will be remitted by the Court. (*Whitehead* v. *Kennedy*, 69 N. Y. 468, and cases cited; *Moffet* v. *Sackett*, 18 id. 522; *Corning* v. *Corning*, 6 id. 97; *Cassin* v. *Delany*, 38 id. 181; *Hooper* v. *Wells, Fargo & Co.*, 27 Cal. 35; *Ellis* v. *Jeans*, 26 id. 273.)

*R. E. Arick,* for Respondent.

Appellants rely upon a reversal upon the ground that the respondent could not remit the excess of inches of water over five hundred (the amount claimed in the complaint), which the jury found the respondent entitled to.

By what rule of law can the appellants claim a *pro rata* remission from the damages assessed by the jury? The jury may have anticipated the technical delays in law, and considered detriment certain to result in future, regardless of the number of inches to which respondent is entitled. (Civ. Code, §§ 3283, 3333.) Or, as the testimony is uncontradicted that the appellants forcibly and oppressively deprived the respondent of his property, the jury may have awarded damages to the respondent under Section 3294, Civil Code.

Ross, J.:

There must be a new trial in this case. The plaintiff, claiming to be entitled to the use of five hundred inches, measured under a four-inch pressure, of the waters of a certain creek in Kern county called Clear Creek, brought this action for the purpose of enjoining the defendants from diverting the said waters, and to recover damages therefor in. the sum of three thousand dollars, etc. After trial, the jury returned a verdict in these words: " We, the jury, find that the plaintiff is entitled to eight hundred inches, under a four-inch pressure, of the waters of Clear Creek, described in the complaint; and we further find, that he has been damaged by the defendants in the sum of one thousand dollars by reason of the unlawful diverson of said waters by the defendants."

By this verdict, it will be observed, the jury awarded the plaintiff *three hundred inches more* of the waters than he alleged he was entitled to. His counsel endeavored to obviate this difficulty, however, by offering to remit that excess. His motion to that effect was allowed by the Court below, and judgment was thereupon entered for the plaintiff for five hundred inches of the water, measured under a four-inch pressure, together with one thousand dollars damages.

It is clear that the judgment as entered can not stand. If the nature of the case admitted of the remitting by the plaintiff of a portion of the water awarded him by the jury, he was not entitled to judgment for one thousand dollars damages. That amount was awarded by the jury, as stated in the verdict, for the diversion by the defendants of *eight* hundred inches of the waters, measured under a four-inch pressure. How much damage was occasioned the plaintiff by the diversion by defendants of *five* hundred inches, was not determined by the verdict, and can only be determined on another trial, in the event it shall be found that the plaintiff is entitled to that quantity of water.

While we place our decision upon the ground above stated, we think it proper to say—inasmuch as the case must go back for a new trial—that the evidence as presented in the record is not sufficient to sustain a verdict, or the judgment, for five hundred inches of the water in dispute, measured under a four-inch pressure. Leaving out of consideration

entirely the testimony on the part of the defendants (which certainly does not aid the plaintiff), and looking solely at that on the part of the plaintiff, we find nothing to show that the quantity of water appropriated by the plaintiff or his grantor ever amounted to five hundred inches, measured under a four-inch pressure. The tract of land for the benefit of which the appropriation relied on by the plaintiff was made, consists, it appears, of one hundred and sixty acres. The plaintiff and his predecessor, Chandler, used the water by means of two ditches. Tungate, a witness on behalf of the plaintiff, testified at the trial, that the old ditch, which was made prior to 1865, was a small ditch; that in the year named—1865—Chandler caused a new one to be dug. With respect to the latter, the witness proceeded : " It was a small, irregular ditch, dug in a hurry. I and another man dug it. This was in the latt' . part of 1865 or the early part of 1866, I think. It was just a small ditch dug with a pick and shovel, and it would run quite a stream of water. It was dug in a great hurry. It was a foot or two wide on top—in some places more, some less. I could not say how much land Chandler had in cultivation—should judge about thirty acres, but I won't be positive at all. A portion of this was his garden spot. This garden spot was moist land and did not require irrigation." This was all that was said by this witness tending to indicate how much water was appropriated by Chandler, or the capacity of the ditches.

Sumner, another witness for the plaintiff, testified with respect to the ditches: " I should judge, if the upper ditch was cleaned out it would carry a hundred inches: the lower ditch about the same."

The plaintiff, who was the only other witness who testified on his side, in regard to the capacity of the ditches or to quantity of water appropriated by him and his grantor, said: " I have never measured the ditches by the square, or anything of that kind; but I always considered that they were capable of conveying water with a full head from the creek, one thousand one hundred or one thousand two hundred inches. But now I think they would go over nine hundred inches under a full head from the creek. The ditches take the water from Clear Creek. At the time I purchased the

land from Chandler there were two ditches, the upper ditch at the head; at that time I always considered it, as I said, I thought it would be about four feet, and may be ten or eleven inches deep. I suppose to multiply the depth by the width would give me the inches of water it would carry."

The basis, as given by the plaintiff, for his estimate of the capacity of the ditches in question, namely, the mere multiplication of the width by the depth of the ditches, renders his estimate of no force, and perhaps accounts for the wide difference between his own estimate and that of Sumner. Besides, there is nothing in the testimony as brought here to indicate that the plaintiff or his grantor appropriated the water in controversy to the full extent of the capacity of the ditches.

Judgment and order reversed and cause remanded for a new trial.

McKINSTRY, J., concurred.

McKEE, J., concurred in the judgment.